**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION**

| | | |
|---|---|---|
| **GRANDEYE LIMITED,** | § | |
| | § | |
| Plaintiff, | § | Case No. 11-civ-2188 |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| **SENTRY 360 SECURITY, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Grandeye Limited files this Original Complaint, seeking a judgment of patent infringement, misappropriation of trade secrets, breach of contract, and a declaration of ownership.

## PARTIES

1. Plaintiff Grandeye Limited ("Grandeye") is a limited company existing under the laws of the United Kingdom having its principal place of business at 6 Huxley Road, Guildford GU2 7RE, United Kingdom.

2. Defendant Sentry 360 Security, Inc. ("Sentry360") is an Illinois Corporation having its principal place of business at 1280 Iroquois Drive, Suite 108, Naperville, Illinois 60540.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, Title 28, United States Code, including 28 U.S.C. §§ 1331 and 1338(a).

4. This is also an action for breach of contract, trade secret misappropriation, and declaratory judgment of ownership. Grandeye and Sentry360 are citizens of different states, and

the amount in dispute exceeds $75,000. All of the claims in this suit form part of the same case or controversy. The Court therefore has jurisdiction over the non-patent claims in this action under 28 U.S.C. §§ 2201, 2202, 1332, and 1367.

5. Upon information and belief, Sentry360 transacts business within this State and this District. Sentry360 sells and/or supports products that fall within one or more of Grandeye's claims in this District. Sentry360 is therefore subject to the personal jurisdiction of this Court.

6. Venue is proper in this judicial district under 28 U.S.C. § 1400 because Sentry360 resides in this judicial district and does business within this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiff Grandeye is the owner by assignment of, and holds all right, title, and interest in, U.S. Patent No. 7,542,035, entitled "Method for Interactively Viewing Full-Surround Image Data and Apparatus Therefor," invented by Ford Oxaal and granted June 2, 2009 (the "'035 Patent"). A copy of the '035 Patent is attached as Exhibit A to this Complaint.

8. Plaintiff Grandeye is the owner by assignment of, and holds all right, title, and interest in, U.S. Patent No. 6,243,099, entitled "Method for Interactively Viewing Full-Surround Image Data and Apparatus Therefor," invented by Ford Oxaal and granted June 5, 2001 (the "'099 Patent"). A copy of the '099 Patent is attached as Exhibit B to this Complaint.

9. The '035 and '099 Patents relate to methods and apparatuses for displaying distorted images taken by certain types of lenses, for example, a "fish-eye" camera lens and producing an undistorted image from the original image. This process is sometimes referred to as "de-warping." These methods have particular application in security camera systems that employ cameras with fish-eye lenses and other lenses that naturally produce distorted images.

10. In the course of its business operations, Sentry360 uses the methods and apparatuses falling within one or more claims of the '035 and '099 Patents.

11. On or about August 4, 2006, Sentry360 entered into a Confidentiality Agreement (the "NDA") under which Sentry360 agreed not to use or disclose Grandeye's confidential information, and that any products developed from or using Grandeye's confidential information would be the property of Grandeye. A true and correct copy of the NDA is attached as Exhibit C to this Complaint.

12. After entering into the NDA, Sentry 360 obtained Grandeye's confidential information, including a copy of Grandeye's Software Development Kit ("SDK").

13. Sentry360's use of certain of its methods and apparatuses is, upon information and belief, the direct result of Sentry360 obtaining Grandeye's SDK.

14. Sentry360 infringes the '035 and '099 Patents directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or support products and/or services that fall within one or more claims of the '035 and '099 Patents.

15. Sentry360's use of information from Grandeye's SDK constitutes a breach of the NDA with Grandeye and trade secret misappropriation.

## COUNT I
### Infringement of the '035 Patent

16. Grandeye repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

17. Sentry360 has infringed and continues to infringe the '035 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method of the '035 Patent without authority or license of Grandeye.

18. Sentry360 has contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '035 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method of the '035 Patent. In particular, Sentry360 manufactures and sells camera surveillance systems that employ "fish-eye," "360º," and other types of lenses that produce distorted images. Sentry360 uses its 360VCMS "de-warping" software as part of these systems to "de-warp" this and other imagery.

19. Sentry360's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Grandeye and its affiliates, for which there is no adequate remedy at law. Unless enjoined by this Court, Sentry360 will continue to infringe the '035 Patent.

## COUNT II
### Infringement of the '099 Patent

20. Grandeye repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

21. Sentry360 has infringed and continues to infringe the '099 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method of the '099 Patent without authority or license of Grandeye.

22. Sentry360 has contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '099 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the claimed method of the '099 Patent. In particular, Sentry360 manufactures and sells camera surveillance systems that employ "fish-eye," "360º," and other types of lenses

that produce distorted images. Sentry360 uses its 360VCMS "de-warping" software as part of these systems to "de-warp" this and other imagery.

23. Sentry360's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Grandeye and its affiliates, for which there is no adequate remedy at law. Unless enjoined by this Court, Sentry360 will continue to infringe the '035 Patent.

## COUNT III
### Misappropriation of Trade Secrets and Confidential Information

24. Grandeye repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

25. In obtaining access to Grandeye's SDK, Sentry360 was required to sign a nondisclosure agreement, and agreed not to use the information obtained for any purpose other than evaluation.

26. The information contained in the SDK was confidential, was and is used in Grandeye's business, and provides Grandeye with a market advantage over its competitors.

27. In violation of this agreement, Sentry360 has misappropriated the trade secrets and confidential information of Grandeye by making use of and disclosing information contained in the SDK.

28. Sentry360's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Grandeye and its affiliates, for which there is no adequate remedy at law. Unless enjoined by this Court, Sentry360 will continue to make use of Grandeye's confidential and proprietary information.

## COUNT IV
### Breach of Contract

29. Grandeye repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

30. On August 4, 2006, Sentry360 entered into a valid, binding, and enforceable NDA with Grandeye in which Sentry360 agreed not to disclose or use confidential information provided to Sentry360 by Grandeye, which included Grandeye's SDK.

31. Grandeye performed its obligations under the NDA, including providing Sentry360 access to its SDK.

32. Upon information and belief, Sentry360 has breached its obligations under the NDA by, among other things, using Grandeye's confidential information in its own products and disclosing Grandeye's confidential information to third parties.

33. Sentry360's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Grandeye and its affiliates, for which there is no adequate remedy at law. Unless enjoined by this Court, Sentry360 will continue to harm Grandeye by using and disseminating Grandeye's confidential information.

## COUNT V
### Declaration of Ownership

34. Grandeye repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

35. In addition to agreeing not to use or disclosure Grandeye's confidential information, Sentry360 agreed in the NDA described above that any and all derivatives or improvements to or made using Grandeye's confidential information belong to Grandeye.

36. Upon information and belief, Sentry360 has made use of and incorporated Grandeye's confidential information into Sentry360's products, including its 360VCMS "de-warping" software.

37. Under the terms of the NDA, these Sentry360 products are the property of Grandeye, and Grandeye is entitled to a judgment and declaration of such ownership.

## DEMAND FOR A JURY TRIAL

38. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Grandeye demands trial by jury on all issue so triable.

## PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing, Plaintiff Grandeye seeks the following relief from this Court:

- A finding that Sentry360 infringes U.S. Patent No. 7,542,035;

- A finding that Sentry360 infringes U.S. Patent No. 6,243,099;

- A finding that Sentry360 misappropriated Grandeye's trade secrets and confidential information;

- A finding that Sentry360 breached the NDA it entered into with Grandeye;

- That Sentry360 and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claims of the '035 Patent or the '099 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '035 Patent or the '099 Patent;

- That Sentry360 and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from continuing to make use of or disseminate Grandeye's confidential information, including, but not limited to, Grandeye's SDK;

- A judgment and declaration that Sentry360 products developed using Grandeye's confidential information are the property of Grandeye;

- That Grandeye be awarded actual damages in an amount to be determined at trial, including damages not less than a reasonable royalty for patent infringement;

- That Grandeye be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

- That Grandeye be awarded its reasonable attorneys' fees and costs of court; and

- That Grandeye be awarded such other and further relief in law or equity as the Court deems just and proper.

Dated: March 30, 2011

Respectfully submitted,
/s/ Richard P. Beem
Richard P. Beem (Bar No. 6195420)
John R Linzer (Bar No. 6283387)
Beem Patent Law Firm
53 West Jackson Boulevard, Suite 1352
Chicago, Illinois 60604
Telephone: (312) 201-0011
Facsimile: (312) 201-0022
richard@beemlaw.com
jlinzer@beemlaw.com

Paul V. Storm, Lead Attorney
Texas State Bar No. 19325350
Sarah M. Paxson
Texas State Bar No. 24032826
Anthony P. Miller
Texas State Bar No. 24041484
STORM LLP
901 Main Street, Suite 7100
Dallas, TX 75202
Telephone: (214) 347-4700
Facsimile: (214) 347-4799
paulstorm@stormllp.com
spaxson@stormllp.com
amiller@stormllp.com
**ATTORNEYS FOR PLAINTIFF GRANDEYE LTD.**